UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.1:20-cv-21651

DARRYL WATSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

Plaintiff, DARRYL WATSON ("Plaintiff"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION, and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. Further, this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

4. Plaintiff is *sui juris* and is a resident and citizen of Louisville, Kentucky.

5. Defendant is a foreign corporation who is authorized to conduct and who does

conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

6. Defendant is a citizen of the State of Florida.

7. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

8. At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the subject floor, cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity involved in Plaintiff's incident.

9. At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the cruise ship, the Carnival *Liberty*.

10. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

11. The incident occurred on or about August 1, 2019 while Plaintiff was a lawfully paying passenger on Defendant's cruise ship vessel, the Carnival *Liberty*.

12. As Mr. Watson traversed his darkened cabin in a normal and proper manner, he

tripped and fell over a blower/drying machine (hereinafter referred to as a "drying machine") that a crewmember left in the walking path of Mr. Watson's assigned cabin. Furthermore, the lighting was inadequate, as the lights to Mr. Watson's had been turned off by Defendant's crewmember, and there were no handrails for Plaintiff to prevent or mitigate his fall.

13. As a result of the fall, Plaintiff suffered severe injuries that included, but are not limited to, a fractured toe.

14. At all times relevant, the subject cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity, were unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

15. The subject cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity lacked adequate safety features to prevent Plaintiff's fall.

16. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

17. These hazardous conditions existed for a period of time before the incident.

18. These conditions were neither open nor obvious to Plaintiff.

19. At all times relevant, Defendant failed to adequately inspect the area of Plaintiff's incident for dangers, and Defendant failed to adequately warn Plaintiff of the dangers.

20. At all times relevant, Defendant failed to eliminate the hazards.

21. At all times relevant, Defendant failed to maintain the subject cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity in a reasonably safe condition.

22. At all times relevant, Defendant participated in the design and/or approved the

design of the subject floor, cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity involved in Plaintiff's incident.

23. At all times relevant, Defendant participated in the installation and/or approved the installation of the subject floor, cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity involved in Plaintiff's incident.

24. The lighting was also inadequate for Plaintiff to notice any material dangers.

## COUNT I –
## NEGLIGENCE

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 24 as if set forth herein.

25. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

26. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

27. Such duties also include, but are not limited to, the duty to maintain the floor, cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity in a reasonably safe condition.

28. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

29. At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff

and were negligent in one or more of the following ways:

    a. Failing to inspect, keep, and maintain the subject floor, cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity in a reasonably safe condition;

    b. Failing to install proper and reasonable safeguards to prevent passengers and people from being injured when interacting with the floor, cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity;

    c. Failing to take proper precautions for the safety of passengers and people interacting with the subject floor, cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity;

    d. Failing to warn Plaintiff of the risk-creating conditions of the floor, cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity;

    e. Participating in and/or approving the design and/or installation of the dangerous and/or defective floor, cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity;

    f. Failing to warn of known dangerous design and/or other defects of the subject floor, cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity;

    g. Failing to adequately inspect and maintain the floor, cabin, drying machine, the source the water was coming from, lighting, area, and the vicinity;

    h. Failing to have adequate policies and procedures in place for inspection and maintenance of the floor, cabin, drying machine, the source the water was

      coming from, lighting, area, and the vicinity;

i. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

j. Failing to employ sufficient crewmembers and/or adequately trained crewmembers to properly inspect and maintain the area where Plaintiff's incident occurred, and Defendant knew or should have known that this area was inadequately staffed;

k. Failing to provide adequate handrails to prevent or mitigate Plaintiff's fall;

l. Failing to provide adequate lighting in the subject area;

m. Failing to provide prompt, proper, and adequate medical care in its infirmary, including, but not limited to, misdiagnosing and/or failing to diagnose Plaintiff's injuries, failing to adequately treat his injuries, failing to properly get Plaintiff the treatment he needed, and aggravating the severity of his injuries by the ship's medical staff; and/or

n. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence;

o. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

p. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

30. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

31. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had

constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk- creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

32. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

33. The losses are either permanent or continuing in nature.

34. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, DARRYL WATSON, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre-and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

### COUNT II – NEGLIGENCE AGAINST CARNIVAL FOR THE ACTS OF ITS CREWMEMBERS BASED ON VICARIOUS LIABILITY

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 24 as is set forth herein.

35. Defendant at all relevant times, owed the Plaintiff a non-delegable duty to

exercise the reasonable care required for the safety of a fare-paying passenger.

36. Alternatively, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

37. To the extent Defendant contests its responsibility for the conduct of its crew members, including the subject crewmember that placed the subject drying machine in the walking path of Plaintiff in his cabin, Plaintiff alleges that these individuals were agents of the Defendant for the following reasons:

38. The crewmembers, including the subject crewmember, were the employees of Defendant, or were Defendant's, agents, apparent agents, and/or servants.

39. The crewmembers, including the subject crew member, were subject to the right of control by Defendant.

40. The crewmembers, including the subject crew member, were acting within the scope of their employment or agency.

41. Defendant acknowledged that the crew, officers, and subject crew member, including the subject crew member, would act on Defendant's behalf, and they accepted the undertaking.

42. Defendant is vicariously liable for the acts of its crewmembers, including the subject crew member, as set forth in the Factual Allegations, and Count I above. Those acts proximately caused Plaintiff's injuries and damages.

43. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

44. The losses are either permanent or continuing in nature.

45. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, DARRYL WATSON, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre-and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, DARRYL WATSON, demands trial by jury on all issues so triable.

**Dated:** April 20, 2020.

Respectfully submitted,

*/s/* Spencer M. Aronfeld
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby Hernández Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi, Esq.**
Florida Bar No.: 115973
mhayashi@aronfeld.com
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P: (305) 441.0440
F: (305) 441.0198
*Attorneys for Plaintiff*